UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
LARISSA ZUCLICH,                                                          Civil Action No.:

                         Plaintiff,

   -against-

BREN-TRONICS, INC., an EnerSys Company,

                        Defendant.
-----------------------------------------------------------X

## COMPLAINT AND JURY DEMAND

Plaintiff, Larissa Zuclich ("Plaintiff"), by and through her attorneys, The NHG Law Group, P.C., as and for her Complaint against Defendant, Bren-Tronics, Inc., an EnerSys Company ("Defendant"), respectfully alleges as follows:

### JURISDICTION AND VENUE

1. This action arises under the Americans with Disabilities Act, 42 U.S.C. §§ 12101 *et seq.* ("ADA") and the New York Executive Law §§ 290 *et seq.* ("NYSHRL").

2. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1367, and the principles of pendent jurisdiction.

3. Venue with respect to this action lies within the Eastern District of New York pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to these claims occurred in this judicial District.

### PARTIES

4. Plaintiff is an individual over the age of eighteen (18) who resides in Saint James, New York.

5. Defendant is a domestic business corporation duly organized and existing by virtue of the laws of the state of New York.

6. Defendant has a principal place of business located at 10 Brayton Court, Commack, New York.

## FACTS

7. Defendant employs more than fifteen (15) employees.

8. Defendant is an employer within the meaning of the ADA and NYSHRL.

9. Plaintiff was employed by Defendant as a Human Resources Generalist from June 4, 2024 until July 17, 2024, at which time Plaintiff was terminated.

10. Plaintiff suffers from anxiety, depression, and ADHD.

11. Because of her disability, Plaintiff struggles with time management, maintaining focus, and organizational skills.

12. Because of her disability, Plaintiff struggles with memory issues.

13. Because of her disability, Plaintiff has always had to work harder than everyone else to achieve the same results.

14. Despite these challenges, Plaintiff obtained a Bachelor of Health Science Degree from Stony Brook University in 2014 and has worked in various Human Resources positions for the past ten years.

15. Prior to joining Defendant, Plaintiff worked as a Human Resources Coordinator, a Human Resources Manager, and a Human Resources Business Partner.

16. Despite suffering from a disability, Plaintiff was able to perform the essential functions of her Human Resources positions without having to request a reasonable accommodation.

17. In June 2024, Jeanine Charbonneau hired Plaintiff to work for Defendant as a Human Resources Generalist.

18. At the time of Plaintiff's hiring, Jeanine Charbonneau was the Human Resources Manager and became Plaintiff's direct supervisor.

19. At the time of Plaintiff's hiring, Jeanine Charbonneau was only employed by Defendant for a few months.

20. During Plaintiff's employment, Jeanine Charbonneau reported directly to Sai W. Fung, the owner of Defendant.

21. For the first month of Plaintiff's employment, Plaintiff received no feedback on her job performance.

22. Around July 10, 2024, Jeanine Charbonneau criticized Plaintiff's time management, focus, and forgetfulness.

23. On July 11, 2024, after receiving this criticism, Plaintiff disclosed to Jeanine Charbonneau that she suffered from a disability.

24. Plaintiff explained to Jeanine Charbonneau how her disability impacts her job performance.

25. Plaintiff explained to Jeanine Charbonneau how she has to work harder than individuals who do not suffer from disabilities.

26. Upon learning of Plaintiff's disability, Jeanine Charbonneau began excluding Plaintiff from meetings.

27. Upon learning of Plaintiff's disability, Jeanine Charbonneau reduced Plaintiff's role to that of an assistant instead of a Human Resources Generalist.

28. Upon learning of Plaintiff's disability, Jeanine Charbonneau assigned Plaintiff irrelevant tasks.

29. Upon learning of Plaintiff's disability, Jeanine Charbonneau accused Plaintiff of falsifying information on her resume and told Plaintiff that her experience did not align with her performance.

30. On July 17, 2024, only a few days after Plaintiff told Jeanine Charbonneau of her disability, Jeanine Charbonneau fired Plaintiff, citing performance issues.

31. At the time that Jeanine Charbonneau fired Plaintiff, Jeanine Charbonneau had only been with Defendant for three months.

32. Plaintiff was fired so quickly after she informed Jeanine Charbonneau of her disability that Plaintiff was not even able to engage in the interactive process of requesting a reasonable accommodation.

33. Jeanine Charbonneau fired Plaintiff because of her disability.

34. Jeanine Charbonneau retaliated against Plaintiff after Plaintiff informed her of Plaintiff's disability.

35. Jeanine Charbonneau created a hostile work environment for Plaintiff after Plaintiff informed her of Plaintiff's disability.

36. Jeanine Charbonneau has a history of discriminating against individuals in protected classes as she explicitly stated that individuals aged sixty or over were automatically deemed unfit for positions at Defendant because of their age.

## COUNT I

37. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 though 36 of the complaint as if fully set forth herein.

38. Plaintiff has and continues to suffer from significant mental impairments that substantially limit several life activities.

39. Defendant at all times had a record of Plaintiff suffering from substantially limiting mental impairments.

40. During her employment, Plaintiff was regarded as having substantial mental impairments.

41. Defendant discriminated against Plaintiff in the terms, conditions, and privileges of her employment by terminating Plaintiff because of her disability.

42. That Plaintiff performed the essential functions of her job and was not even given an opportunity to engage in the interactive process of requesting a reasonable accommodation.

43. That Defendant retaliated against Plaintiff once Defendant was made aware of Plaintiff's disability.

44. That Defendant created a hostile work environment for Plaintiff once Defendant was made aware of Plaintiff's disability.

45. That the reason given for Plaintiff's termination was false.

46. That, based upon the foregoing, Defendants violated the ADA.

47. That as a result of Defendants' violation of the ADA, Plaintiff has sustained lost wages, salary, and employment benefits.

48. That Plaintiff additionally seeks interest, compensatory damages, punitive damages, costs, and attorney's fees.

## COUNT II

49. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 48 of the complaint as if fully set forth herein.

50. That Defendant violated the NYSHRL by discriminating against Plaintiff in the terms, conditions, and privileges of her employment on the basis of her disability.

51. That Defendant discriminated against Plaintiff in the terms, conditions, and privileges of her employment by terminating Plaintiff because of her disability.

52. That as a result of Defendant's violation of the NYSHRL, Plaintiff has sustained lost wages, salary, and employment benefits.

53. That Plaintiff additionally seeks interest, compensatory damages, punitive damages, costs, and attorney's fees.

## JURY DEMAND

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff requests a trial by jury on her claims.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, by and through her attorneys, The NHG Law Group, P.C., demands that judgment be entered against Defendants, and in favor of Plaintiff, as follows:

A. Declaring Defendant's conduct to be in violation of Plaintiff's rights under the ADA;

B. Declaring Defendant's conduct to be in violation of Plaintiff's rights under the NYSHRL;

D. Awarding Plaintiff back pay, front pay, pre-judgment interest, lost fringe benefits, compensatory damages, liquidated damages, punitive damages, costs, and attorney's fees; and

E. Affording Plaintiff such other, further, and/or different relief as to this Court deems just and proper.

Dated: Massapequa, New York
March 6, 2025

The NHG Law Group, P.C.

_____
Justin M. Reilly, Esq.
*Attorneys for Plaintiff*
4242 Merrick Road
Massapequa, New York 11758
Tel: (516) 228-5100
Fax: (516) 228-5106
justin@nhglaw.com