UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
:
LARISSA ZUCLICH, : No.: 2:25-cv-01311
:
Plaintiff, :
:
-against- : **ANSWER AND AFFIRMATIVE**
: **DEFENSES TO THE COMPLAINT**
BREN-TRONICS, INC., an EnerSys Company, :
:
Defendant. :
:
:
-----------------------------------------------------------x

Defendant BREN-TRONICS DEFENSE LLC, incorrectly sued herein as "Bren-Tronics, Inc., an EnerSys Company" ("Defendant"), by and through its attorneys, Ogletree, Deakins, Nash, Smoak & Stewart, P.C., as and for its Answer to Plaintiff LARISSA ZUCLICH's ("Plaintiff") Complaint ("Complaint"), states as follows:

## JURISDICTION AND VENUE

1. Denies the allegations in Paragraph 1 of the Complaint, except admits that Plaintiff purports to proceed as stated therein.

2. Denies the allegations contained in Paragraph 2 of the Complaint, except admits that Plaintiff purports to set forth jurisdiction therein.

3. Denies the allegations contained in Paragraph 3 of the Complaint, except admits that Plaintiff purports to set forth venue therein.

## PARTIES

4. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 of the Complaint, and therefore denies the allegations.

5. Denies the allegations contained in Paragraph 5 of the Complaint and states that Bren-Tronics, Inc. was acquired and moved out of existence on July 26, 2024.

6. Denies the allegations contained in Paragraph 6 of the Complaint, except admits that Bren-Tronics Defense LLC. has a principal place of business located at 10 Brayton Court, Commack, New York.

## **FACTS**

7. Admits the allegations contained in Paragraph 7 of the Complaint.

8. The allegations contained in paragraph 8 of the Complaint assert conclusions of law to which no answer is required. To the extent that an answer to paragraph 9 of the Complaint is required, Defendant denies the allegations.

9. Admits the allegations contained in Paragraph 9 of the Complaint.

10. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of the Complaint, and therefore denies the allegations.

11. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of the Complaint, and therefore denies the allegations.

12. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of the Complaint, and therefore denies the allegations.

13. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 of the Complaint, and therefore denies the allegations.

14. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of the Complaint, and therefore denies the allegations.

15. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 of the Complaint, and therefore denies the allegations.

16. The allegations contained in paragraph 16 of the Complaint assert conclusions of law to which no answer is required. To the extent that an answer to paragraph 16 of the Complaint is required, Defendant denies the allegations.

17. Denies the allegations contained in Paragraph 17 of the Complaint.

18. Denies the allegations contained in Paragraph 18 of the Complaint, except admits that Jeanie Charbonneau was Plaintiff's direct supervisor.

19. Denies the allegations contained in Paragraph 19 of the Complaint.

20. Denies the allegations contained in Paragraph 20 of the Complaint, except admits that Jeanie Charbonneau's direct supervisor was Sai Fung.

21. Denies the allegations contained in Paragraph 21 of the Complaint.

22. Denies the allegations contained in Paragraph 22 of the Complaint.

23. Denies the allegations contained in Paragraph 23 of the Complaint.

24. Denies the allegations contained in Paragraph 24 of the Complaint.

25. Denies the allegations contained in Paragraph 25 of the Complaint.

26. Denies the allegations contained in Paragraph 26 of the Complaint.

27. Denies the allegations contained in Paragraph 27 of the Complaint.

28. Denies the allegations contained in Paragraph 28 of the Complaint.

29. Denies the allegations contained in Paragraph 29 of the Complaint.

30. Denies the allegations contained in Paragraph 30 of the Complaint, except admits that Plaintiff's employment was terminated on July 17, 2024.

31. Denies the allegations contained in Paragraph 31 of the Complaint, except admits that Jeanie Charbonneau's start date at Bren-Tronics Defense LLC was on March 18, 2024.

32. Denies the allegations contained in Paragraph 32 of the Complaint.

33. Denies the allegations contained in Paragraph 33 of the Complaint.

34. Denies the allegations contained in Paragraph 34 of the Complaint.

35. Denies the allegations contained in Paragraph 35 of the Complaint.

36. Denies the allegations contained in Paragraph 36 of the Complaint.

## COUNT I

37. Defendant repeats and realleges its answers and responses to paragraphs 1 through 36 of the Complaint as if set forth in full herein.

38. The allegations contained in paragraph 38 of the Complaint assert conclusions of law to which no answer is required. To the extent that an answer to paragraph 38 of the Complaint is required, Defendant denies the allegations.

39. The allegations contained in paragraph 39 of the Complaint assert conclusions of law to which no answer is required. To the extent that an answer to paragraph 39 of the Complaint is required, Defendant denies the allegations.

40. The allegations contained in paragraph 40 of the Complaint assert conclusions of law to which no answer is required. To the extent that an answer to paragraph 40 of the Complaint is required, Defendant denies the allegations.

41. Denies the allegations contained in Paragraph 41 of the Complaint.

42. The allegations contained in paragraph 42 of the Complaint assert conclusions of law to which no answer is required. To the extent that an answer to paragraph 42 of the Complaint is required, Defendant denies the allegations.

43. Denies the allegations contained in Paragraph 43 of the Complaint.

44. Denies the allegations contained in Paragraph 44 of the Complaint.

45. Denies the allegations contained in Paragraph 45 of the Complaint.

46. Denies the allegations contained in Paragraph 46 of the Complaint.

47. Denies the allegations contained in Paragraph 47 of the Complaint.

48. Defendant denies the allegations contained in paragraph 48 of the Complaint. Defendant further denies that Plaintiff is entitled to any relief sought in the Complaint, or to any other relief.

## COUNT II

49. Defendant repeats and realleges its answers and responses to paragraphs 1 through 48 of the Complaint as if set forth in full herein.

50. Denies the allegations contained in Paragraph 50 of the Complaint.

51. Denies the allegations contained in Paragraph 51 of the Complaint.

52. Denies the allegations contained in Paragraph 52 of the Complaint.

53. Defendant denies the allegations contained in paragraph 53 of the Complaint. Defendant further denies that Plaintiff is entitled to any relief sought in the Complaint, or to any other relief.

## JURY DEMAND

Defendant admits that the Complaint contains a jury demand.

## IN RESPONSE TO THE PRAYER FOR RELIEF

Defendant denies that Plaintiff is entitled to judgment against it and further denies that Plaintiff is entitled to any of the relief set forth in the 'PRAYER FOR RELIEF' clauses A-E of the Complaint or any other relief.

## GENERAL DENIAL

Defendant denies each and every allegation in the complaint not specifically admitted herein.

## AFFIRMATIVE AND OTHER DEFENSES

At this time, Defendant asserts the following affirmative and other defenses to the Complaint.

**FIRST DEFENSE**

The Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

**SECOND DEFENSE**

Plaintiff is not entitled to any damages or other relief, because at no time did Defendant engage in unlawful discriminatory conduct.

**THIRD DEFENSE**

The Complaint, and each purported claim contained therein, is barred in whole or in part, because all decisions with respect to Plaintiff's employment were made by Defendant for legitimate, non-discriminatory, non-pretextual reasons and without malice, ill-will or other improper motive.

**FOURTH DEFENSE**

Plaintiff has failed to mitigate or reasonably attempt to mitigate damages, if any.

**FIFTH DEFENSE**

In the event that Plaintiff can demonstrate that her disability was a motivating factor in any alleged employment decision that she challenges, which is expressly denied, she is not entitled to money damages or other relief because Defendant would have taken the same action in the absence of such impermissible factor.

**SIXTH DEFENSE**

Defendant did not have actual or constructive notice of any alleged discrimination, harassment or retaliation against Plaintiff. To the extent that Defendant was aware of any allegedly discriminatory or harassing behavior, Defendant exercised reasonable care to prevent and correct

promptly such behavior and Plaintiff unreasonably failed to take advantage of the preventative and corrective opportunities provided by Defendant and otherwise failed to avoid harm.

**SEVENTH DEFENSE**

Plaintiff's Complaint fails to state a claim against Defendant because Plaintiff's alleged disabilities did not restrict Plaintiff from any major life activity.

**EIGHTH DEFENSE**

Plaintiff's Complaint fails to state a claim against Defendant, and Plaintiff cannot recover any damages against Defendant because Defendant never knew any specific details regarding Plaintiff's alleged illness(es), disability, impairment or medical leave, and Defendant was neither aware nor had any knowledge that Plaintiff had any disability, and Defendant never regarded Plaintiff as disabled or impaired.

**NINTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, because Plaintiff failed to take advantage of any preventive or corrective opportunities provided by Defendant to avoid harm or otherwise.

**TENTH DEFENSE**

Plaintiff is not a qualified individual with a disability as defined by law.

**ELEVENTH DEFENSE**

Plaintiff's claims may be barred, in whole or in part, by the doctrine of after-acquired evidence.

**TWELFTH DEFENSE**

Plaintiff's Complaint fails to state a claim against Defendant, and Plaintiff cannot recover any damages against Defendant because neither the Americans with Disabilities Act nor the New York State Human Rights Law require that an employer, as a reasonable accommodation, either

restructure a job or position, or create a new or completely unique position with either qualifications or functions tailored to Plaintiff's individual abilities or alleged impairments or disabilities.

## THIRTEENTH DEFENSE

Plaintiff cannot show that she was treated less well than other employees because of her purported disability.

## FOURTEENTH DEFENSE

Plaintiff has failed to exhaust Plaintiff's administrative remedies.

## FIFTEENTH DEFENSE

Plaintiff cannot show that she was subjected to inferior terms, conditions, or privileges of employment because of her alleged protected class.

## SIXTEENTH DEFENSE

The Complaint is barred, in whole or in part, to the extent that it was not filed within the period of time mandated by the applicable statutes of limitations.

## SEVENTEENTH DEFENSE

Plaintiff is not entitled to liquidated or punitive damages.

## EIGHTEENTH DEFENSE

Subject to proof through discovery, Plaintiff's claims are barred in whole or in part by the doctrines of waiver and/or estoppel.

## NINETEENTH DEFENSE

Subject to proof through discovery, Plaintiff's claims are barred in whole or in part by the doctrine of unclean hands.

## TWENTIETH DEFENSE

To the extent that Plaintiff has suffered any damages or injuries, which is expressly denied, such damages or injuries were not caused by Defendant's actions or conduct.

## TWENTY-FIRST DEFENSE

To the extent that any of Defendant's employees engaged in any of the conduct described in the Complaint, such actions were outside of the scope of his/her employment, were contrary to the policies and directives of Defendant, and not done in furtherance of Defendant's business interests.

## RESERVATION OF RIGHTS

In addition to the defenses stated above, Defendant reserves the right to assert any and all additional legal and/or equitable defenses that may become apparent during the course of discovery and/or trial.

**WHEREFORE**, Defendant requests that the Court enter judgment dismissing the Complaint in its entirety and with prejudice, granting its costs and attorneys' fees and granting such other relief as the Court may deem just and proper.

Dated: New York, New York
May 9, 2025

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

By s/*John Walpole*
John Walpole
Jamie Haar
599 Lexington Avenue, 17th Floor
New York, NY 10022
(212) 492-2500
john.walpole@ogletreedeakins.com

*Attorneys for Defendant*

**CERTIFICATION OF SERVICE**

The undersigned here certifies that, on May 9, 2025, the foregoing Answer to the Original Complaint was electronically filed with the Clerk of the District Court using the CM/ECF system, which sent notification of such case filing on all parties of record in this action.

>Justin M. Reilly
>The NHG Law Group, P.C.
>4242 Merrick Road
>Massapequa, New York 11758
>justin@nhglaw.com
>
>*Attorneys for Plaintiff*
>
>
>*s/John Walpole*
>John Walpole